■ PATRICK A. HINCHY et al., Appellants, v LONG ISLAND RAIL ROAD COMPANY et al., Respondents.—In a negligence action to recover damages for personal injuries, etc., plaintiffs appeal (1) as limited by their brief, from so much of a judgment of the Supreme Court, Suffolk County (Cannavo, J.), entered April 18, 1984, as limited the award of damages to the principal sum of $15,000, and (2) from an order of the same court, dated August 21, 1984, which denied their motion, *inter alia,* to set aside the jury's verdict as to damages.

Order affirmed and judgment affirmed, insofar as appealed from, without costs or disbursements.

It is the function of the jury to determine the extent of damages sustained by an injured plaintiff, and its assessment will not be disturbed unless it is shocking to the conscience of the court *(see, Juiditta v Bethlehem Steel Corp.,* 75 AD2d 126, 138). We have reviewed the record and find no basis for disturbing the jury's assessment of the injured plaintiff's damages. Mollen, P. J., Thompson, Brown and Lawrence, JJ., concur.

■ PHILIP L. KAPINOS et al., Appellants, v HARRY ALVARADO et al., Respondents. (And Two Other Titles.)—In consolidated actions to recover damages for personal injuries, the appeals are from so much of (1) an order of the Supreme Court, Putnam County (Benson, J.), dated May 25, 1984, as denied that branch of plaintiffs' motion which sought leave to serve an amended and supplemental bill of particulars with respect to item 3 of the original bill, and (2) an order of the same court dated August 2, 1984 as, upon reargument, adhered to the prior determination.

Appeals from the orders dismissed as moot, without costs or disbursements.

As subsequent orders have granted appellants the relief they seek, the issue is moot. Mollen, P. J., Gibbons, Brown, Niehoff and Eiber, JJ., concur.